```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

ANTHONY OSBORNE,                      :
                                      :
        Plaintiff                     : No. 4:CV-09-1334
                                      :
    vs.                               : (Complaint Filed 7/13/09)
                                      :
                                      : (Judge Muir)
JEFFREY A. BEARD, et al.,             :
                                      :
        Defendants                    :

## **MEMORANDUM AND ORDER**

March 24, 2010

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, an inmate presently confined in the State Correctional Institution, Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named defendants are Secretary Jeffrey Beard, Superintendent Robert Shannon, Margaret Gordon, a Dietary Management Services Specialist; and Vicky Stanishefski, Health Care Administrator. Plaintiff complains that defendants have been "interfering with and delaying" implementation of a medical diet that had been prescribed to plaintiff by Dr. Stanish in connection with his treatment of plaintiff's hypoglycemia. (Doc. 16, amended complaint).

On October 30, 2009, defendants filed a motion to dismiss the plaintiff's amended complaint, and a brief in support of same. (Docs. 24, 25). Plaintiff's brief in opposition to this motion is overdue.

By Order dated December 2, 2009, plaintiff was directed to file a brief in opposition to defendants' motion within twenty (20) days of the date of the Order. (Doc. 29).

On December 17, 2009, plaintiff filed a letter with the court, stating the he has been committed to the mental health unit and has no access to the law library, so as to be able to formulate a brief in opposition to defendants' motion to dismiss. (Doc. 31). Thus, plaintiff sought an additional ninety (90) day enlargement of time. Id.

Because defendants' motion to dismiss is based primarily on the factual issue of plaintiff's failure to exhaust administrative remedies, the use of the law library is not required. Thus, by Order dated February 25, 2010, the Court, once again, directed plaintiff to file a brief in opposition. M.D. Pa. Local Rule 7.6.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to

prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Id. at 629-30. The Court of Appeals for this circuit held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of

dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[1] need be satisfied in order to

---

1. The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

4

dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Plaintiff was advised of the requirements of Local Rule 7.6 by the standard practice order issued in this case on July 13, 2009,and specifically directed, on two occasions, to comply with Local Rule 7.6 by filing a brief in opposition. The Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

An appropriate Order accompanies this Memorandum Opinion.


s/Malcolm Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY OSBORNE,                         :
                                         :
       Plaintiff                         : No. 4:CV-09-1334
                                         :
    vs.                                  : (Complaint Filed 7/13/09)
                                         :
                                         : (Judge Muir)
JEFFREY A. BEARD, et al.,                :
                                         :
       Defendants                        :

**ORDER**

March 24, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's complaint is **DISMISSED** for failure to prosecute and comply with a court order.

2. Plaintiff's motion for appointment of counsel (Doc. 33) is **DISMISSED** as moot.

3. The Clerk of Court shall **CLOSE** this case.

4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                          s/Malcolm Muir
                          MUIR
                          United States District Judge